UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

APPLETON PAPERS, INC. and
FACTORY MUTUAL INSURANCE
COMPANY,

        Plaintiff,

    v.                                                          Case No. 03-C-415

THE MASON AND DIXON LINES, INC.
TRUCKERS EXPRESS, INC. and
MECHANIC'S LIMITED, INC.,

        Defendants.

**ORDER GRANTING MOTION FOR RECONSIDERATION**

Defendant Mason and Dixon Lines, Inc., (MADL) has moved for reconsideration of the court's decision denying MADL's motion for partial summary judgment in the above matter. MADL argues that the court's Decision and Order of March 15, 2005, represents a manifest error of law to the extent it found that the contract between MADL and Appleton did not limit MADL's liability for damage to Appleton's shipment. MADL argues that the court erred in its construction of the contract between the parties. Alternatively, MADL argues that the court erred in failing to reform the contract by correcting an obvious typographical error.

MADL seeks reconsideration under Fed. R. Civ. P. 60(b). Rule 60(b), however, is not applicable here. That rule applies to relief from a final judgment or order. The order entered by the court in this case is interlocutory. Interlocutory orders are subject to revision at any time before the entry of judgment. Fed. R. Civ. P. 54(b). District Courts also have inherent authority to reconsider

and modify their own interlocutory orders. *See Ramada Franchise Systems, Inc. v. Royal Vale Hospitality of Cincinnati, Inc.*, 2004 U.S. Dist. Lexis 24036, *8 (M.D. Ill.) and cases cited therein. Thus, relief can be granted, even absent a manifest error of law or on grounds not previously advanced.

Turning to the merits of the motion, I conclude that my interpretation of Item 600 of MADL's tariff was in error and the relief requested should be granted. As I indicated in my earlier decision, the use of the word "advertently" instead of "inadvertently" appeared to be a typographical error. But whether it is a typographical error or not, Item 600, considered in its totality, effectively limits MADL's liability to ten cents per pound.

MADL's tariff provides that shipments of used machinery, such as Appleton's scanners, "will not be accepted by the carrier unless the shipper releases the value to not exceed ten (10) cents per pound per package or declares a higher value." (MADL App. Ex. 2, Item 600.) Paragraph A tells that shipper how to go about declaring a higher value and authorizes the carrier to assess an additional charge where a higher value is declared. Paragraph B of Item 600 states that "[i]f a shipment is advertently accepted without the declaration of released value, it will be considered to have been released to a value not exceeding ten (10) cents per pound per package." (*Id.*) Here, it is undisputed that neither Appleton, nor its agent, declared a higher value and MADL charged its normal rate.

In my decision denying MADL's motion for partial summary judgment, I read Paragraph B as requiring that MADL accept the shipment knowing that its value exceeded ten cents per pound and that the shipper failed to declare a released value in order for the limitation to apply. I now conclude that this interpretation is unreasonable and is unsupported by the language of the tariff,

2

as well as common sense. The obvious purpose of Paragraph B is to make the ten cent per pound limitation of liability the default rule when the shipper fails to declare a higher value. In light of this purpose, it is unclear what difference it makes whether acceptance of the shipment without a declaration of released value is advertent or inadvertent. What is determinative is that the shipper failed to declare a higher value. That is precisely what happened here. To the extent the carrier must be advertent, or aware, of anything in order for the default rule to apply, it must be aware that no released value was declared. MADL was clearly aware of that fact here since it did not charge a higher rate for the shipment, which it would have been expressly authorized to do under Paragraph A if Appleton had declared a higher value.

Accordingly, MADL's motion for reconsideration (docket # 133) is granted. For the reasons stated above and in my Decision and Order of March 15, 2005, I conclude that the limitation of liability contained in MADL's tariff applies. It follows that MADL's motion for partial summary judgment must be granted as well.

**SO ORDERED**.

Dated this __15th__ day of June, 2005.

                                                      s/ William C. Griesbach
                                                      William C. Griesbach
                                                      United States District Judge